UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TROYRON DAVIS GLADNEY,

     Plaintiff,

     v.                                 Case No. 3:22-CV-272 JD

PARKVIEW TERRACE APARTMENTS,
NAOMI TRIUMPH, SHAWNA,
SHANNON, DAWN, JOY BROWN,

     Defendants.

## ORDER

Troyron Gladney, proceeding *pro se*, timely filed his amended complaint pursuant to this Court's order. (DE 5). The Court had previously dismissed his original complaint for failure to state a claim on which relief might be granted and took his motion for leave to proceed *in forma pauperis* under advisement while giving him leave to refile. (DE 3). After reviewing the amended complaint, the Court concludes that it also fails to state a claim on which relief can be granted and thus the complaint must be dismissed and his motion to proceed *in forma pauperis* denied as moot.

The Court has an obligation under 28 U.S.C. § 1915(e)(2) to dismiss a complaint if the Court determines that the complaint "fails to state a claim on which relief may be granted" or that the action "is frivolous or malicious." Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and internal citations omitted).

Importantly, legal conclusions and conclusory allegations merely reciting elements of a claim are

not treated as facts. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Mr. Gladney's allegations are that the Defendants, several staff members at the apartment

complex where he lives, did not act on his complaints about disruptive behavior by his upstairs

neighbor.[1] In his amended complaint, Mr. Gladney provides additional factual detail on the

interactions he had with the Defendants, such as reporting his grievances about his neighbors

conduct and being told by staff that he could not control how other tenants used their apartments

or what guests they invited. (DE 5 at 5). Mr. Gladney also provides an extensive discussion of

his problems with his neighbors, which include them playing music and their television too

loudly and letting their children play loudly on the floor above his apartment. (DE 5 at 2–7).

However, Mr. Gladney's complaint fatally does not articulate the legal basis for his

claims, let alone one that would satisfy federal jurisdiction. The closest Mr. Gladney comes are

passing and conclusory references. These include referring to the staff's "fail[ure] to prevent

discrimination of my sex also my disability [*sic*]" (DE 5 at 2), and "established adult abuse" (DE

5 at 3) which staff "failed to contact adult protective services" to report (DE 5 at 4). Mr. Gladney

does not attach relevant facts to his assertions to demonstrate how the conduct is motivated by

his sex or any disability. For example, looking at Mr. Gladney's purported discrimination claims,

the complaint does not articulate what discriminatory actions occurred on account of Mr.

Gladney's disability or his sex or even who took those actions. Likewise the complaint does not

indicate what legal basis his "adult abuse" claim is based on, what the term "adult abuse" means,

---

[1] The Court notes that Mr. Gladney's original complaint named the apartment complex Parkview Terrace as a defendant but the amended complaint only names five individual staff members.

or what facts in his complaint support a conclusion "adult abuse" occurred. Further, the complaint does not explain why the Defendants had a legal obligation to report any such abuse, or why their failure to do so would be actionable in a federal court.

Mr. Gladney also makes conclusory references to alleged criminal acts by the Defendants, such as his allegation that Defendant Joy Brown intended to obstruct justice by not returning the complaint form that he submitted to her. (DE 5 at 6). To the extent Mr. Gladney is alleging violations of criminal law, he has not explained why the alleged violations create a cause of action which he can pursue in a civil suit.

In sum, Mr. Gladney's complaint makes no meaningful reference to any legal right or allegation of facts which would create a claim on which this Court can grant relief. This is despite the instruction in the Court's previous order that Mr. Gladney was to "as specifically as possible, indicate what legal rights of his were violated by the defendants' behavior." (DE 3 at 3).

The Court is sympathetic to Mr. Gladney's apparent troubles with his neighbors and his apartment complex. However, as Mr. Gladney does not present a legal claim under which relief can be granted, those troubles are beyond the power of the federal courts to address, and his case will be dismissed.

For these reasons, this action is DISMSSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim. The clerk is DIRECTED to close this case. The Plaintiff's motion for leave to proceed *in forma pauperis* is DENIED as moot. (DE 2).

SO ORDERED.

ENTERED:  June 7, 2022

_____/s/ JON E. DEGUILIO_____
Chief Judge
United States District Court

3